UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIE DEBARDELABEN,

        Plaintiff,                        Case No. 2:11-cv-439

v.                                              Honorable R. Allan Edgar

RICHARD M. McKEON et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants McKeon and Bauman. The Court also will dismiss Plaintiff's due process claim arising from the seizure of personal hygiene items from his cell. The Court will serve Plaintiff's Fourteenth Amendment, First Amendment, RLUIPA and retaliation claims against Defendants Swajanen and Konrad arising from his removal from the Kosher Meal Program.

**Discussion**

      I.      Factual allegations

Plaintiff is incarcerated in the Kinross Correctional Facility, but the events giving rise to his complaint occurred at the Alger Correctional Facility (ACF). In his *pro se* amended complaint (docket #9), Plaintiff sues the following ACF staff: Storekeeper Heidi Swajanen, Resident Unit Manager C. Konrad and Warden Catherine Bauman. Plaintiff also sues former Michigan Department of Corrections (MDOC) Director Richard M. McKeon.

Plaintiff alleges that during a cell shakedown on September 10, 2010, one therapeutic coal tar shampoo and five Softee bargamont blue hair grease were removed from his personal property. Plaintiff asked an officer why the items were seized and was told that Defendant Swajanen said the items had to be thrown away because they were not in their original containers. Plaintiff alleges that he did not receive a contraband removal notice or an administrative hearing, in violation of MDOC policy and his due process rights. Plaintiff filed a grievance against Defendant Swajanen on September 12, 2010, and was interviewed by Sergeant Rondeau regarding the grievance on October 5, 2010. After his Step I grievance was denied, Plaintiff appealed to Steps II and III, which were denied by Defendants Bauman and McKeon, respectively.

On October 5, 2010, the same day Plaintiff was interviewed on the grievance against Swajanen, Plaintiff also was interviewed by Assistant Resident Unit Supervisor Phillipson on a Notice of Intent to conduct an administrative hearing to remove Plaintiff from the Kosher Meal Program because Plaintiff had purchased non-kosher food items from the prison store. Plaintiff claims that he had ordered the food items three months earlier and was unaware that the food items

were not kosher because the store list does not indicate whether food items are kosher. Plaintiff contends that Swajanen was trying to get him removed from the Kosher Meal Program in retaliation for the grievance Plaintiff filed against her regarding the personal hygiene items that were seized from his cell. He further argues that it was unfair to remove him from the Kosher Meal Program when he had no way of knowing that the items he ordered from the prison store were not kosher. Plaintiff filed a grievance against Swajanen concerning his removal from the Kosher Meal Program, which was denied at Step II by Defendant Bauman and at Step II by Defendant McKeon. Following an administrative hearing on October 15, 2010, Defendant Konrad removed Plaintiff from the Kosher Meal Program. During the hearing, Plaintiff accused Swajanen of punishing him for filing a grievance against her by getting him removed from the Kosher Meal Program. According to Plaintiff, Konrad replied, "You should have thought about that before you wrote the grievance." (Am. Compl., 7, Page ID#79.)

Plaintiff asserts violations of his Fourteenth Amendment due process rights, his First Amendment right to practice his Jewish religion, and his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a). Plaintiff also alleges that Defendants violated his First Amendment rights by retaliating against him for filing a grievance. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Supervisory Liability**

Plaintiff alleges that Defendants Bauman and McKeon denied his Step II and III grievance appeals and failed to protect him from the unconstitutional conduct of their subordinates. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Bauman and McKeon engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

B. **Seizure of Personal Hygiene Items**

Plaintiff claims that several personal hygiene items were improperly seized from his cell and thrown away in violation of MDOC policy and his due process rights. Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a

"random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action

would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property.

To the extent Plaintiff alleges a violation of MDOC policy, Defendant's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81. Accordingly, Plaintiff's due process claim will be dismissed.

### C. Remaining Claims

At this stage of the proceedings, the Court finds Plaintiff's allegations sufficient to warrant service of Plaintiff's Fourteenth Amendment, First Amendment and RLUIPA claims against Defendants Swajanen and Konrad arising from his removal from the Kosher Meal Program. *See Colvin v. Caruso*, 605 F.3d 282 (6th Cir. 2010). Plaintiff's allegations also are sufficient to warrant service of his retaliation claim against Defendants Swajanen and Konrad. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants McKeon and Bauman will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court also will

dismiss Plaintiff's due process claim arising from the seizure of personal hygiene items from his cell. The Court will serve Plaintiff's Fourteenth Amendment, First Amendment, RLUIPA and retaliation claims against Defendants Swajanen and Konrad arising from his removal from the Kosher Meal Program.

      An Order consistent with this Opinion will be entered.


Dated:    1/24/2012                   */s/ R. Allan Edgar*
                                                 R. Allan Edgar
                                                 United States District Judge